UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

BURLINGTON NORTHERN & SANTA FE )
RAILWAY COMPANY, )
 )
      **Plaintiff,** )
 )
v. ) Case No. 14-CV-0069-CVE-PJC
 )
PATRICK PILGYUN HAN, M.D., )
 )
      **Defendant.** )

## OPINION AND ORDER

Now before the Court is Defendant's Motion to Dismiss for Failure to State a Claim and Brief in Support (Dkt. # 11). Defendant Patrick Pilgyun Han, M.D. argues that plaintiff Burlington Northern & Santa Fe Railway Company (BNSF) has failed to allege a viable contribution claim, because plaintiff does not allege that it is a joint tortfeasor for the alleged wrongful death of Jamie Kay Detre. Dkt. # 11, at 1. BNSF responds that an initial tort-feasor can collect contribution from a physician whose actions aggravate or increase a person's injuries, and BNSF asserts that it has properly alleged a contribution claim. Dkt. # 15, at 5-6.

### I.

On September 1, 2004, Detre was involved in a collision with a BNSF train. Dkt. # 2, at 2. She filed a lawsuit in Creek County District Court to recover for personal injuries suffered as a result of the accident. On or about August 26, 2006, Detre sought medical treatment from Dr. Han for a direct traumatic carotid cavernous fistula. Id. BNSF alleges that Dr. Han "failed to exercise the degree of learning and skill ordinarily possessed by other neurological surgeons under similar circumstances." Id. Detre died on August 28, 2006, and BNSF claims that Detre died "as a direct

result of [Dr. Han's] negligence" and that "Detre's death was not caused by the collision with BNSF's train." Id. On November 3, 2008, Detre's estate filed an amended petition in the state court lawsuit adding a claim of wrongful death against BNSF. BNSF entered into a settlement with Detre's estate and it alleges that the "settlement amount . . . far exceeded its liability for the personal injuries suffered by [Detre]." Id. at 2-3. The release signed as part of that settlement specifically named Dr. Han. Id. at 3.

On February 18, 2014, BNSF filed this case seeking contribution from Dr. Han. BNSF alleges that "it played some part in bringing about personal injury" to Detre, but it denies that its actions had any role in Detre's death. Id. BNSF claims that it paid more than its share of a common liability with Dr. Han, because it settled the wrongful death claim of Detre's estate and it alleges that Detre's death was caused solely by the actions of Dr. Han. Id.

## II.

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face"and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court

2

must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

Defendant argues that plaintiff has failed to allege a viable claim for contribution, because plaintiff has not alleged any facts suggesting that it paid more than its pro rata share of a common liability. Dkt. # 11, at 6-9. According to defendant, plaintiff expressly denies that it had any liability for Detre's death, and defendant cannot be considered a joint tortfeasor with a party that wholly denies liability to the injured third party. Plaintiff responds that defendants are misstating the allegations of the complaint, and it may recover contribution under a theory that defendant's conduct aggravated or enhanced Detre's initial injury. Dkt. # 15, at 5-6.

Oklahoma has adopted the Uniform Contribution Among Tortfeasors Act and it is codified at OKLA. STAT. tit. 12, § 832. Under § 832.A., "[w]hen two or more persons become jointly or severally liable in tort for the same injury to person or property for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them . . . ." The purpose of the statute is to provide "judicial control over the distribution of damages in tort claims in which there is more than one tortfeasor." Barringer v. Baptist Healthcare

of Oklahoma, 22 P.3d 695, 698 (Okla. 2001). A tortfeasor is entitled to contribution only when it has paid more than its pro-rata share of a common liability. Berry v. Empire Indem. Ins. Co., 634 P.2d 718, 719-20 (Okla. 1981). A tortfeasor's pro-rata share is determined based on its proportionate degree of fault for the common liability. Nat'l Union Fire Ins. Co. A.A.R. Western Skyways, Inc., 784 P.2d 52, 57 (Okla. 1989). On the other hand, a right to indemnification may "exist[] when one who is only constructively liable to the injured party and is no manner responsible for the harm is compelled to pay for the tortious act of another." Caterpillar Inc. v. Trinity Indus., Inc., 134 P.3d 881, 886 (Okla. Civ. App. 2005). Oklahoma does not recognize a right to indemnification among joint tortfeasors. Id.

The court has reviewed the complaint and it is apparent that plaintiff is attempting to completely distance itself from any liability for Detre's death. Plaintiff acknowledges that it "played some part in bring about personal injury to [Detre], but alleges that her death was caused by the negligence" of Dr. Han. Dkt. # 2, at 3. However, Dr. Han did not treat plaintiff until almost two years after she suffered personal injuries from a collision with a BNSF train and, as alleged in the complaint, the initial incident causing Detre's personal injuries and her wrongful death are separate and unrelated incidents. In order to state a contribution claim against defendant, plaintiff will be required to affirmatively allege that its actions played some role in Detre's alleged wrongful death. Instead of alleging a contribution claim, plaintiff has actually alleged a claim for indemnification against defendant, because the complaint essentially alleges that plaintiff has been required to settle with Detre even though it had no liability for Detre's alleged wrongful death. Oklahoma does not recognize a right to indemnification under these circumstances and, to seek contribution, plaintiff must allege that it is jointly liable with defendant for Detre's alleged wrongful death.

Plaintiff argues that defendant could liable for contribution under a theory that defendant's conduct aggravated or increased Detre's injuries, and plaintiff has a right to recover contribution for any amount that defendant aggravated or enhanced Detre's original injuries. Dkt. # 15, at 9. However, this is a ruling on a motion to dismiss, and review is limited to the allegations of the complaint. In the complaint, plaintiff expressly denies that its conduct played any role in Detre's death, and the Court could not reasonably construe the allegations of the complaint to include the theory of liability alleged in plaintiff's response to defendant's motion to dismiss. After reviewing plaintiff's response, the Court finds that it is possible that plaintiff could allege a viable contribution claim against defendant, and the Court will allow plaintiff to file an amended complaint. Plaintiff is advised that it must specifically allege that its conduct played a role in Detre's death in order to state a contribution claim against defendant, but its contribution claim may be based on a theory that defendant's conduct aggravated or enhanced the initial injury to Detre caused by defendant's conduct.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss for Failure to State a Claim and Brief in Support (Dkt. # 11) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff may file an amended complaint no later than **July 3, 2014**.

**DATED** this 26th day of June, 2014.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

5