UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

BURLINGTON NORTHERN & SANTA FE )
RAILWAY COMPANY, )
 )
        **Plaintiff,** )
 )
v. ) Case No. 14-CV-0069-CVE-PJC
 )
PATRICK PILGYUN HAN, M.D., )
 )
        **Defendant.** )

## OPINION AND ORDER

Now before the Court is Defendant's Second Motion to Dismiss for Failure to State a Claim and Brief in Support (Dkt. # 19). Defendant Patrick Pilgyun Han, M.D., argues that he cannot be held liable for contribution to plaintiff Burlington Northern & Santa Fe Railway Company (BNSF), because BNSF failed to raise a statute of limitations defense in the underlying tort case against BNSF. BNSF responds that the statute of limitations of defense would have been unsuccessful and that it has stated a viable contribution claim against Dr. Han.

### I.

On September 1, 2004, Jamie Kay Detre was involved in a collision with a BNSF train. Dkt. # 2, at 2. Detre filed a lawsuit in Creek County District Court to recover for personal injuries suffered as a result of the accident. On or about August 26, 2006, Detre sought medical treatment from Dr. Han for a direct traumatic carotid cavernous fistula. Id. BNSF alleges that Dr. Han "failed to exercise the degree of learning and skill ordinarily possessed by other neurological surgeons under similar circumstances." Id. Detre died on August 28, 2006, and BNSF claims that Detre died "as a direct result of [Dr. Han's] negligence" and that "Detre's death was not caused by the collision

with BNSF's train." Id. On November 3, 2008, Detre's estate filed an amended petition in the state court lawsuit adding a claim of wrongful death against BNSF. BNSF entered into a settlement with Detre's estate and it alleges that the "settlement amount . . . far exceeded its liability for the personal injuries suffered by [Detre]." Id. at 2-3. The release signed as part of that settlement specifically named Dr. Han. Id. at 3.

On February 18, 2014, BNSF filed this case seeking contribution from Dr. Han. BNSF alleged that "it played some part in bringing about personal injury" to Detre, but it denied that its actions had any role in Detre's death. Id. BNSF claimed that it paid more than its share of a common liability with Dr. Han, because it settled the wrongful death claim of Detre's estate and it alleged that Detre's death was caused solely by the actions of Dr. Han. Id. Dr. Han filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6) on the grounds that BNSF had failed to allege that it was a joint tortfeasor with Dr. Han and that BNSF failed to assert a statute of limitations defense in the underlying case in Creek County District Court. Dkt. # 11. The Court granted the motion on the first issue and did not reach the second issue. Dkt. # 17. BNSF filed an amended complaint (Dkt. # 18) alleging that its conduct played a role in Detre's death but it claims that its role was "limited." Dkt. # 18, at 3. BNSF further alleges that Dr. Han's treatment of Detre aggravated or increased Detre's original injuries. Id. at 3-4. BNSF has renewed its motion to dismiss on the ground that BNSF failed to assert a statute of limitations defense to the wrongful death claim alleged by Detre's Estate in the underlying case.

## II.

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly

2

granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face"and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, LLC, 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee County Bd. Of County Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

Defendant argues that he cannot be held liable for contribution to plaintiff, because Detre's estate filed its wrongful death claim against BNSF outside of the applicable statute of limitations and he had no liability to Detre's estate. Dkt. # 19. BNSF responds that the estate's wrongful death claim was filed within the statute of limitations under the relation back doctrine or the discovery

3

rule, and it requests leave to conduct discovery on these issues if it appears that the statute of limitations on the estate's wrongful death claim had expired. Dkt. # 20, at 18-21.

Oklahoma has adopted the Uniform Contribution Among Tortfeasors Act (UCATA) and it is codified at OKLA. STAT. tit. 12, § 832. Under § 832.A., "[w]hen two or more persons become jointly or severally liable in tort for the same injury to person or property for the same wrongful death, there is a right of contribution among them even though judgment has not been recovered against all or any of them . . . ." The purpose of the statute is to provide "judicial control over the distribution of damages in tort claims in which there is more than one tortfeasor." Barringer v. Baptist Healthcare of Oklahoma, 22 P.3d 695, 698 (Okla. 2001). A tortfeasor is entitled to contribution only when it has paid more than its pro-rata share of a common liability. Berry v. Empire Indem. Ins. Co., 634 P.2d 718, 719-20 (Okla. 1981). A tortfeasor's pro-rata share is determined based on its proportionate degree of fault for the common liability. Nat'l Union Fire Ins. Co. A.A.R. Western Skyways, Inc., 784 P.2d 52, 57 (Okla. 1989). "A tort-feasor who enters into a settlement with a claimant is not entitled to recover contribution from another tort-feasor whose liability for the injury or wrongful death is not extinguished by the settlement nor in respect to any amount paid in a settlement which is in excess of what was reasonable." OKLA. STAT. tit. 12, § 832.D.

The parties dispute whether Detre's estate timely brought a wrongful death claim against BNSF. Under Oklahoma law, the personal representative of a deceased's estate has two years to bring a wrongful death claim. OKLA. STAT. tit. 12, § 1053(A). For wrongful death claims based on the alleged negligence of a tortfeasor, the two year statute of limitations begins to run on the date of the deceased's death. Kimberly v. DeWitt, 606 P.2d 612, 616 (Okla. Civ. App. 1980). A statute

of limitations defense is waivable by a defendant and the statute of limitations is an affirmative defense that must be plead and proved by the defendant. Robinson v. Clark, 217 P.3d 155, 156 (Okla. Civ. App. 2009); In re 1973 John Deere 4030 Tractor, 816 P.2d 1126, 1129 (Okla. 1991). Oklahoma law does create certain time bars that are treated as a condition precedent that must be satisfied before a suit is brought, and these time bars may not be waived by the failure to plead an affirmative defense. First United Bank & Trust Co. v. Wiley, 183 P.3d 1022, 1029-30 (Okla. Civ. App. 2007). However, the statute of limitations for a wrongful death claim is an ordinary statute of limitations that is an affirmative defense, and a state court does not lack jurisdiction to hear wrongful death claims filed outside of the statute of limitations. Kimberly, 606 P.2d at 617.

BNSF argues that Detre's estate filed a timely wrongful death claim based on the relation back doctrine, because the wrongful death claim was included in an amended petition that related back to the filing of Detre's original petition. Dkt. # 20, at 13. Dr. Han treats the statute of limitations as an absolute bar to recovery and he asserts that he no longer had any liability to Detre's estate once the statute of limitations on the estate's wrongful death claim allegedly expired. Dkt. # 19, at 4-7. The Court finds that these arguments miss the mark. Oklahoma law is clear that the statute of limitations is a waivable affirmative defense and a state district court may hear claims that would otherwise be barred by the statute of limitations if a defendant has expressly or impliedly waived a statute of limitations defense. The Oklahoma Supreme Court has not determined the effect on a subsequently filed contribution claim of the failure to raise a potentially valid statute of limitations defense in the underlying tort case. However, other courts interpreting UCATA have not found that this prevents a court from hearing a timely-filed contribution claim. United States v. Sunoco, Inc., 501 F. Supp. 2d 656, 662 n.6 (E.D. Pa. 2007); MetroHealth Med. Ctr. v. Hoffman-

LaRoche, Inc., 685 N.E.2d 529, 532 (Ohio Civ. App. 1991). The Court finds that the Oklahoma Supreme Court would not find that a party's failure to raise a statute of limitations defense in the underlying case bars the party from recovering in a subsequent contribution action. Defendant is correct that a valid defense to a contribution claim is that defendant "was not a tortfeasor (*i.e.*, that it had no liability to plaintiff)." Barringer v. Baptist Healthcare of Oklahoma, 22 P.3d 695, 698 (Okla. 2001). BNSF alleges that defendant was a joint tortfeasor and that defendant had liability to Detre's estate. Even if defendant could have asserted a statute of limitations defense in the underlying tort case, BNSF has alleged that BNSF and defendant had a common liability to Detre's estate for Detre's wrongful death, and the existence of a possible affirmative defense does not eliminate this alleged common liability. This finding is supported by the Tenth Circuit Court of Appeals' decision in Robinson v. Missouri Pacific R. Co., 16 F.3d 1083 (10th Cir. 1994), in which the Tenth Circuit, applying Oklahoma law, concluded that a parent having parental immunity from the claims raised by the plaintiff in the underlying tort case could be ordered to pay contribution to a joint tortfeasor who did not possess such immunity. Id. at 1092. The Tenth Circuit found that it would not be equitable for a tortfeasor to shift the entire liability onto a co-defendant, even if the tortfeasor was immune from suit to the plaintiff, when the co-defendant would be forced to bear the tortfeasor's share of the liability based on policy reasons that were not applicable to a contribution claim. For similar reasons, it would be unfair to BNSF to shift the total liability to BNSF even if defendant may have had a valid statute of limitations defense in the underlying tort case. The Court does not find that BNSF's failure to litigate a possible statute of limitations defense in the underlying tort case prevents it from seeking contribution from an alleged joint tortfeasor.

**IT IS THEREFORE ORDERED** that Defendant's Second Motion to Dismiss for Failure to State a Claim and Brief in Support (Dkt. # 19) is **denied**. Defendant's answer is due no later than **September 4, 2014**.

**DATED** this 21st day of August, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE